Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Ralph L. WEBB and Clark Pierce, Defendants.

Civ. A. No. 1174.

United States District Court
N. D. Mississippi, E. D.

March 7, 1961.

Harold C. Mystrom, Acting Solicitor, Washington, D. C., Beverley R. Worrell, Regional Atty., Oliver M. Cooper, Jr., Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

William J. Threadgill, Columbus, Miss., for defendants.

CLAYTON, District Judge.

This is a suit by the Secretary of Labor to enjoin the defendants, who are bottlers of soft drinks, under Section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended, 29 U.S.C.A. 201 et seq.) from violating the minimum wage, overtime and record keeping provisions of the Act with respect to their employees engaged in commerce or in the production of goods for commerce within the meaning of the Act. All of the issues were disposed of by the Court in its oral opinion at the conclusion of the trial, with the exception of that relating to the employment of a driver-helper on defendants' route which extends from defendants' Columbus, Mississippi plant into the State of Alabama. This one issue was submitted on briefs and this opinion will relate to that one point.

It is undisputed that defendants operate a route from their Columbus, Mississippi plant into the State of Alabama, where they engage in the sale and distribution of bottled soft drinks. It is without dispute that a helper is sometimes engaged on the truck going into Alabama, and that such helper is not paid in accordance with the minimum wages provided by the Act nor do defendants keep records with respect to this helper. It is also undisputed that the driver on this route (which is the only one across a state line) is paid by defendants on a straight commission basis with a minimum weekly guarantee. This driver has the sole prerogative of hiring or not hiring a helper and sometimes he does, sometimes he does not. At times, when he had no regular helper, he "sometimes picked up a boy along the route" and sometimes he did all the work himself. To summarize: The driver of the Alabama truck has the power to hire and fire, or, if he chooses, to dispense entirely with the services of a helper. When he does hire and use a helper he pays him from his earnings and is not reimbursed therefor in any way by defendants; such helper is 1) not hired by defendants, 2) not fired by defendants, 3) not controlled by

defendants, 4) not required by defendants, and 5) not paid by defendants.

This helper assists in loading filled drinks on the trucks and unloading, loading and sorting filled bottles and empties at the places of business of defendants' customers and unloading empties at defendants' place of business.

Defendants have other drivers whose routes are entirely within the State of Mississippi, for whom defendants pay helpers directly, deducting federal social security and withholding taxes from monies paid to helpers and, in turn, deducting compensation paid to helpers from their drivers' commissions.

There is one controlling question to be answered here, "Is the helper of the driver-salesman on defendants' route into Alabama defendants' employee under the facts above stated?" This question must be answered in the negative.

Plaintiff places great reliance on Stewart-Jordan Distributing Co., Inc., et al. v. Tobin, 5 Cir., 1954, 210 F.2d 427, certiorari denied Stewart-Jordan Distributing Co. v. Mitchell, 347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136, but the facts in that case clearly distinguish it from this case. There the driver was paid a "bonus" in addition to his regular compensation and this bonus equalled exactly the pay transmitted by the driver to his helper for his services. As the bonus was increased, the pay of the helper was increased. Thus the company paid the helper.

More in point and highly persuasive is the case of Walling v. Sanders, 6 Cir., 1943, 136 F.2d 78, 81, where the Court, in passing on an almost identical arrangement with respect to a helper on a route salesman's truck, had this to say:

" * * * upon careful consideration of all of the facts and circumstances, we are not persuaded that the drivers are in the employ of the appellee rather than of its salesmen. *The salesmen themselves hire the drivers and pay them out of the compensation received from the distributor. The drivers are a convenience to the salesmen. They may, if they wish, drive their own trucks, load and unload them.* It is true that in arriving at a basis for compensating salesmen there have been times when the salesmen's compensation of $35 per week was designated as being made up of $25 for salary and $10 for expenses. This did not, however, preclude the salesmen from dispensing with drivers or paying more, as sometimes was done. Such designation, however, is pointed to by the administrator as an important criterion to show that the driver was the employee of the appellee. It does not follow. One might as logically urge that the porter who carries the traveling salesman's case from train to taxicab, or the taxicab driver who transports him to his hotel, are employees of his principal merely because the salesman puts such out-of-pocket items upon his expense account and is for them reimbursed. (Emphasis added.)

"The usual test by which, in common experience, men determine the employer, is to ascertain who has authority on his own account to 'hire and fire'. But the administrator urges that the term 'employee' as here used is not a word of art but one carefully defined by the statute. He refers to § 3(e) of the Act which defines 'employee' as any individual employed by an employer, and § 3(g) which defines 'employ' to mean 'to suffer or permit to work.' Since the appellee suffers or permits drivers to work for its salesmen, ipso facto they work for it. This likewise does not follow. In so broadly defining the word 'employ' Congress undoubtedly had a purpose to relieve complainants of the necessity of proving a contract of employment. The administrator desires us to construe employees so as to include not only those who work for an accused employer, but also those who work for anybody else. Manifestly this would encompass all employed humanity."

The case here is even stronger for defendants since there is no suggestion that the driver-salesmen on the Alabama route is reimbursed in any way by defendants for his expense in using a helper, when there is one.

Therefore, as a matter of law, this Court concludes that the helper on defendants' Alabama route (when such a helper is used) is an employee of the driver-salesman on that route and not an employee of defendants.

The prayer of the complaint for the issuance of an injunction should be and is denied.

A final order in accordance with the oral opinion from the Bench and this opinion may now be prepared and presented for entry.