Eleanor BONNETTE et al., Plaintiffs,

v.

CALIFORNIA HEALTH AND WEL-
FARE AGENCY and Mario
Obledo et al., Defendants.

No. C–75–1812–OJC.

United States District Court,
N. D. California.

April 20, 1976.

Anthony Finkas, Solano County Legal Assistance Agency, Vallejo, Cal., Marjorie Gelb and Kenneth G. Hecht, Jr., the Employment Law Center, Erica Black Grubb and Sidney M. Wolinsky, Public Advocates, Inc., San Francisco, Cal., Craig Scott, Legal Aid Society of San Mateo County, Daly City, Cal., for plaintiffs.

Evelle J. Younger, Atty. Gen., Elizabeth Palmer, Asst. Atty. Gen., John J. Klee, Jr., Deputy Atty. Gen., San Francisco, Cal., for State of California.

Thomas M. O'Connor, City Atty., Kevin M. O'Donnell, Deputy City Atty., San Francisco, Cal., for City of San Francisco.

Milton Goldinger, County Counsel, Thomas H. Gordinier, Deputy County Counsel, Fairfield, Cal., for Solano County.

R. S. Shelburne, Sacramento, Cal., for County of Sacramento.

## ORDER DENYING MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT AND MOTION FOR CHANGE OF VENUE

OLIVER J. CARTER, District Judge.

In this action for wages, liquidated damages and declaratory relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, plaintiffs seek compliance with the Act's minimum wage provisions. Plaintiffs are domestic workers under the California In-Home Supportive Services Program, Welfare and Institutions Code §§ 12300 *et seq.*, to assist aged and disabled welfare recipients with basic daily chores. Defendants are the California Health and Welfare Agency, the California Department of Health, the California Department of Benefit Payments, the Solano County Public Welfare Department, the San Francisco County Department of Social Services, the Sacramento County Department of Social Welfare, and the directors of the aforementioned agencies.

Each defendant seeks dismissal of the action for failure to state a claim upon which relief can be granted or, in the alternative, summary judgment, alleging four general arguments: 1) plaintiffs are employed by the welfare recipients rather than by defendants; 2) plaintiffs are not covered by the Act; 3) Congress exceeded its authority under the Commerce Clause in extending the Act's coverage; and 4) the Eleventh Amendment bars adjudication. In addition, the Sacramento defendants seek a change of venue to the Eastern District of California. For the following reasons, defendants' motions are denied.

■ Defendants first argue that plaintiffs are in fact employed by the welfare recipients. To that end defendants point out that plaintiffs are not employed under county civil service systems but rather that, pursuant to Welfare and Institutions Code section 12302 the counties make direct payment to the welfare recipients who then purchase these "choreperson" services. Defendants contend that the recipient hires a particular worker, supervises the manner in which the work is performed, and if neces-

sary fires the worker. However, there is substantial disagreement between the parties as to the amount of control over the workers actually exercised by defendants. Therefore the Court concludes that summary judgment cannot be granted on this point.

■ Nor is the Court convinced that defendants do not "employ" plaintiffs as a matter of law. Under 29 U.S.C. § 203(d), an employer includes any person acting directly or indirectly in the interest of any employer in relation to any employee and includes a public agency. This definition alone determines an employer's liability under the Act. See *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947); *Hodgson v. Ellis Trans. Co.*, 456 F.2d 937 (9th Cir. 1972). Assuming *arguendo* that the welfare recipients can be said to employ plaintiffs, defendants can be held as joint employers under the Act. On the concept of joint employment see 29 C.F.R. § 791.2 and *Falk v. Brennan*, 414 U.S. 190, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973).

■ The Court further finds that each of the named defendants is properly included in the action, in that each may be found to be an employer under the Act. Individuals who manage institutional employers may be so liable. *Wirtz v. Soft Drinks of Shreveport, Inc.*, 336 F.Supp. 950 (W.D.La.1971); *Hodgson v. Royal Crown Bottling Co.*, 324 F.Supp. 342 (N.D.Miss.1970), *aff'd* 465 F.2d 473 (5th Cir. 1972). Each of the three named state agencies is assessed responsibility for administering aid and services under the Welfare and Institutions Code. Finally, county agencies clearly are "public agencies" within the meaning of 29 U.S.C. § 203(x).

Defendants next contend that plaintiffs are "companions" to the welfare recipients and the action is thus governed by 29 U.S.C. § 213(a)(15), which exempts from the Act's coverage "any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services [to] individuals who (because of age or infirmi-

ty) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." However, the regulations provide that the companionship exemption does not apply if general household work exceeds 20 percent of the total weekly hours worked. 29 C.F.R. § 552.6. At this stage of the proceedings the amount of time plaintiffs devote to general household work remains a triable issue of fact; hence summary judgment is inappropriate.

■ Moreover, the Court cannot find as a matter of law that the chore services performed are by definition "companionship" services. Indeed, the state defendants' own regulations define chore services to include household tasks and repairs. M.P.P. § 30–500.2. Exemptions contained in the Act are to be construed narrowly according to *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1959). Given the present state of the record, then, the Court does not find that dismissal is warranted under the companionship rationale.

■ The Court may deal briefly with defendants' contention that Congress could not extend the Act's coverage to domestic employees who work in households. The Supreme Court has consistently held that the Act, as originally enacted and subsequently amended, is a legitimate exercise of Congressional authority to regulate commerce among the states. See *Employees v. Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *United States v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1936). In *Maryland v. Wirtz*, 392 U.S. 183, 197, 88 S.Ct. 2017, 2024, 20 L.Ed.2d 1020, 1031 (1963) the Court held that states may be subject to regulation if they are "engaging in economic activities that are validly regulated by the Federal Government when engaged in by private persons."

■ Finally, defendants argue that suit in this Court is barred by the Eleventh Amendment. In *Employees v. Missouri, supra*, concerning this same statutory scheme, the Court held that Congress may only override Eleventh Amendment sovereign

immunity where its intent to do so is unmistakably clear. However, in response to that decision Congress amended the Act in 1974 expressly to provide that employees may bring an action for damages against any employer, including a public agency, in any federal or state court. Thus the Court finds that the sovereign immunity doctrine does not warrant dismissal of this action.

■ The Sacramento defendants also contend that venue properly lies in the Eastern District and seek a transfer of venue pursuant to 28 U.S.C. § 1404(a). However, 28 U.S.C. § 1392(a) provides that any civil action, not local in nature, against defendants residing in different districts in the same state may be brought in any of such districts. See also *Mother's and Children's Rights Org. v. Stanton,* 371 F.Supp. 298 (N.D.Ind.1973). While the Court realizes that transfer would be convenient for the Sacramento defendants, the Court cannot agree that all witnesses in this matter reside within the Eastern District or that production of documentary evidence in San Francisco would prove sufficiently onerous to merit a transfer from plaintiffs' chosen forum.

Accordingly, IT IS ORDERED that defendants' motions to dismiss or for summary judgment be, and the same are, hereby denied.

IT IS FURTHER ORDERED that the Sacramento defendants' motion for change of venue be, and the same is, hereby denied.

IT IS FURTHER ORDERED that defendants shall have twenty (20) days from receipt of this Order in which to answer the complaint.