**Linda TOTH, et al., Plaintiffs,**

v.

**GREEN RIVER REGIONAL MENTAL HEALTH/MENTAL RETARDATION BOARD, INC., Defendant.**

Civ. A. No. C–84–0320–0.

United States District Court,
W.D. Kentucky,
at Owensboro.

Sept. 29, 1989.

Charles R. Isenberg, Thomas J. Schulz, Segal, Isenberg, Sales and Stewart, Louisville, Ky., for plaintiffs.

Jesse T. Mountjoy, Holbrook, Gary, Wible and Sullivan, PSC, and Forest Roberts, Green River Regional Mental Health/Mental Retardation Bd., Inc., Owensboro, Ky., for defendant.

Trisha Zeller James, Cabinet for Human Resources, Office of Counsel, Frankfort, Ky., amicus curiae.

## MEMORANDUM

SILER, Chief Judge.

This action is before the Court on defendant's, Green River Regional Mental Health/Mental Retardation Board, Inc.'s (Green River), motion for partial summary judgment. The issue presented to the Court is whether the plaintiffs, who are Alternate Living Unit (ALU) providers, are exempt from the Fair Labor Standards Act pursuant to 29 U.S.C. Section 213(a)(15). For the following reasons, Green River's motion for partial summary judgment will be granted.

## I. FACTS

Green River employs the plaintiffs as ALU providers. They belong to a program designed to keep mentally retarded adults out of institutions and to integrate them into local communities. No special skills are needed for the job. A person only is required to be a graduate of high school and to be able to cook and maintain a home for the client.

In order for a summary judgment to be appropriate, no genuine issue of material fact can exist entitling the moving party to a judgment as a matter of law. Fed.R. Civ.P. 56(c). In his Memorandum dated

May 14, 1987, United States District Judge Charles R. Simpson, III, found that the defendant did not support its contention that the ALUs were exempt under 29 U.S.C. Section 213(a)(15).

## II. ALU PROVIDERS ARE EXEMPT FROM THE FAIR LABOR STANDARDS ACT PURSUANT TO 29 U.S.C. SECTION 213(a)(15)

The ALUs argue that they are entitled to minimum wage and overtime payments under the Fair Labor Standards Act, 29 U.S.C. Sections 206 and 207, as they do not fall within any of the exclusions set forth in 29 U.S.C. Section 213. 29 U.S.C. Section 213(a)(15) exempts:

> any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves....

C.F.R. Section 552.6 defines companionship services as:

> ... those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services.

This regulation contains two exceptions for companionship services: (1) general household services exceeding twenty percent of the total weekly hours worked; and (2) services performed by trained personnel, "such as a registered nurse or practical nurse."

### A. *General Household Exception*

■ The plaintiffs argue they performed general housekeeping tasks as part of their contractual duties. They rely upon *Bonnette v. California Health and Welfare Agency*, 414 F.Supp. 212 (N.D.Cal.1976), 525 F.Supp. 128 (N.D.Cal.1981), *aff'd*, 704 F.2d 1465 (9th Cir.1983), which held that the amount of time devoted to general household work, as a result of the presence of the client in the home, is an issue of fact and not an issue of law. The Court does not accept the plaintiffs' position. The ALUs have failed to prove how many hours they spent performing general housework. As the nonmoving party, Fed.R.Civ.P. 56(e) requires the ALUs to "set forth specific facts showing there is a genuine issue for trial." In *Bonnette*, the court focused on how much time the plaintiffs spent doing general housework, not whether general housework was performed. In this case, the ALUs have not presented specific facts sufficient enough to support their argument that they spent twenty percent of their time doing general housework. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *McCune v. Oregon Senior Services Div.*, 643 F.Supp. 1444 (D.Or.1986), the court distinguished between performing general housework and housework related to the individual. Dusting or cleaning the client's room or the living room

> appears to be routine, general household work, rather than work related to the individual. Cleaning a spill by the client in either room, by contrast, would be non-routine care more related to the individual than to the general household, and would not be included in the twenty percent figure.

*Id.* at 1450. A great deal of the ALUs work related to the care of the client and would not be included in the twenty percent figure. Thus, as the ALUs have failed to establish facts sufficient enough to prove the amount of time they spent performing general household work, they do not fall within the exception and they are exempt from receiving minimum and overtime pay.

### B. *Trained Personnel Exception*

■ Plaintiffs also contend they are included in the second exception to 29 C.F.R. 552.6 which defines companionship services. The ALUs believe they were hired to train their clients to care for the clients' own needs. The ALUs consider themselves to be teachers and they contend they are trained personnel as the regulation defines the phrase. The Court recognizes the plaintiffs' classification, but is not persuaded by the argument.

218

The exception applies to "trained personnel, such as a registered or practical nurse." 29 C.F.R. Section 552.6. The ALUs training ranged from a 2½ hour session to in excess of twenty-seven hours. The Court does not equate this amount of training with that of a registered nurse (RN) or a practical nurse (LPN). The LPN and RN programs require extensive study and involve a wide variety of classes. The ALUs in this case are only required to have a high school diploma and to provide a home for the clients. Their limited instruction consisted of topics such as "History of Mental Retardation," "Seizures and Seizure Care," and "Individual Program Planning." Clearly, these topics are not as technical or complex as the classes RNs and LPNs encounter. Additionally, unlike RNs and LPNs, ALUs do not have to be licensed. Accordingly, the ALUs do not meet the standard for the trained personnel exception, either.

## CONCLUSION

For the reasons set forth above, the defendant's motion for partial summary judgment be and is granted.