985 F.2d 560
 2 Wage & Hour Cas.2d (BNA) 1280
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret W. HENGESBACK, et al., Plaintiffs,
Alice Stamps; Sharon Coon; Jerome Thruston; Geneva Loyd;
John Lane; Martha Scott Willett; Donald Hobbs;
Michael Payton; Lanita Robertson,
Plaintiffs-Appellants,
v.
GREEN RIVER REGIONAL MENTAL HEALTH/MENTAL RETARDATION BOARD,
INC., Defendant-Appellee.
 No. 92-5555.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before MERRITT, Chief Judge and KENNEDY and RALPH B. GUY, Circuit Judges.
 
 ORDER
 
 1
 A group of plaintiffs appeal from the district court's order granting defendant's motion for partial summary judgment. Toth v. Green River Regional Mental Health/Mental Retardation Board, Inc., 753 F.Supp. 216 (W.D.Ky.1989). By Agreed Order of Dismissal entered March 23, 1992, all remaining issues in this litigation were resolved. Plaintiffs filed their Notice of Appeal on April 17, 1992. Therefore, this is an appeal from a grant of a Partial Summary Judgment made final by an Agreed Order of Dismissal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Plaintiffs have not set forth a request for oral argument. Defendant has expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs are Alternative Living Unit (ALU) providers who belong to a community health program designed to keep mentally retarded adults out of mental health institutions by integrating them into local communities (program established as part of Medicaid, Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.). The defendant/appellee is the Green River Regional Mental Health/Mental Retardation Board, Inc., which is responsible for managing the ALU program. Plaintiffs brought suit to obtain minimum wage and overtime pay for work in excess of forty hours per week. The issue before the district court was whether the ALUs are exempt from the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. § 213(a)(15). Plaintiffs argued that they are entitled to overtime pay. Defendant argued that the services provided by the ALUs fall within an exemption from the rule requiring overtime pay.
 
 
 3
 The district court concluded that ALU providers are exempt from the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a)(15), and granted defendant's motion for partial summary judgment. The court reached its conclusion after examining the two exceptions to the exemption provision for "companionship services." On appeal, plaintiffs argue that they did not provide "companionship services" as that term is defined in 29 C.F.R. § 552.6 (1989), and should therefore not be exempt from the FLSA. The plaintiffs contend that what they really did was provide "... significant educational and training services ..." to the mentally retarded clients (clients). They assert that they provide "vocational educational training services" to enable the clients to become self-sufficient and that they therefore fall within the "trained personnel" exception to 29 C.F.R. § 552.6 (1989).
 
 
 4
 Appellate courts review de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). More specifically, a grant of summary judgment based upon statutory construction is de novo. Turner v. McMahon, 830 F.2d 1003, 1007 (9th Cir.1987), cert. denied, 488 U.S. 818 (1988).
 
 
 5
 In McCune v. Oregon Sr. Services Div., 894 F.2d 1107, 1110-11 (9th Cir.1990), the Ninth Circuit concluded that plaintiffs, who were Certified Nursing Assistants, did not fit within the trained personnel exception. The court reasoned that Certified Nursing Assistants received only sixty hours of formal medical training, as opposed to the medical training received by a registered or practical nurse which usually requires a college degree and state licensure. Plaintiffs in the immediate case cannot claim to have received as much training as the plaintiffs in McCune.
 
 
 6
 Plaintiffs admit having no specialized training in the care of mentally retarded adults before being hired as ALU providers. The record reveals that the minimum qualifications for becoming an ALU provider are a high school education and a home in which the client can live. What training they have received has been provided by the defendant. That training consists of classes in "History of Mental Retardation," "Seizures and Seizure Care," and "Individual Program Planning." Such training is simply not sufficient to be equivalent to that of a registered or practical nurse. 29 C.F.R. § 552.6 (1989).
 
 
 7
 The district court correctly held that no genuine issue of material fact existed and that the defendant was entitled to judgment as a matter of law. Canderm Pharmacal, Ltd., 862 F.2d at 601. The judgment of the district court is affirmed under Rule 9(b)(3), Rules of the Sixth Circuit.