830 F.2d 1003
 56 USLW 2248
 Sandra TURNER, Debra Scruggs, and Jerrylean Baker, on behalf
of themselves and all others similarly situated,
Plaintiffs-Appellees,
v.
Linda McMAHON, individually and in her official capacity as
the Director of the Department of Social Services of the
State of California; Department of Social Services of the
State of California; Jesse Huff, individually and in his
official capacity as Director of the Department of Finance
of the State of California; and the Department of Finance
of the State of California; Defendants/Third-Party
Plaintiffs-Appellants,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Third-Party Defendant.
Sandra TURNER; Debra Scruggs; Jerrylean Baker, on behalf
of themselves and all others similarly situated,
Plaintiffs-Appellees,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Third-party-Defendant-Appellant,
and
Linda McMahon, individually and in her official capacity as
the Director of the Department of Social Services
of the State of California,
Defendant-third-party-Plaintiff.
Sandra TURNER; Debra Scruggs; Jerrylean Baker, on behalf
of themselves and all others similarly situated,
Plaintiffs-Appellees,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Third-Party Defendant,
and
Linda McMahon, individually and in her official capacity as
the Director of the Department of Social Services of the
State of California; Jesse Huff, individually and in his
official capacity as Director of the Department of Finance
of the State of California; Department of Finance of the
State of California, Defendant-third-party-Plaintiff-Appellant.
 Nos. 86-2321, 86-2490 and 87-1519.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 16, 1987.
Decided Oct. 16, 1987.
 
 Mark N. Aaronson and Richard A. Rothschild, San Francisco, Cal., for plaintiffs-appellees.
 Richard A. Olderman, Dept. of Justice, Washington, D.C. and John J. Klee, Jr., Deputy Atty. Gen., San Francisco, Cal., for defendants/third-party plaintiffs-appellants.
 Appeal from the United States District Court from the Northern District of California (San Francisco).
 Before CHOY, ALARCON and O'SCANNLAIN, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 The dispositive issue on appeal is whether section 402(a) of the Social Security Act, 42 U.S.C. Sec. 602(a)(22) (Supp. III 1985) permits a state to recoup overpayment of money paid to Families with Dependent Children (hereinafter AFDC) recipients under compulsion of an erroneous court order subsequently reversed by the Supreme Court. We hold that a state is authorized to do so under the plain language of the statute, and reverse the judgment of the district court.
 
 
 2
 Defendants-appellants Linda McMahon, Director of the Department of Social Services of the State of California (hereinafter State) and third party defendant-appellant Otis R. Bowen, Secretary of Health and Human Services (hereinafter Secretary or collectively referred to as appellants) appeal from the district court's orders granting plaintiffs-appellees Sandra Turner and other certified class members (hereinafter appellees) injunctive relief, summary judgment, and attorney's fees. In this consolidated appeal, appellees are past, present and future AFDC recipients who have been or will be affected by appellants' policy of considering mandatory payroll deductions as income in calculating grants and determining eligibility.
 
 FACTS
 A. Background
 
 3
 In 1981, a class of AFDC recipients in California brought suit in federal court asserting that the State had improperly calculated the amount of benefits due AFDC recipients who work in implementing directions issued by the Secretary. The primary issue raised was whether the State should, when calculating AFDC eligibility and benefits, base its calculations on the gross or net income of a working recipient after mandatory payroll deductions.
 
 
 4
 In 1982, the district court issued a permanent injunction which enjoined it from implementing its new regulations and ordered the State not to treat funds withheld for mandatory payroll deductions as income to AFDC recipients. Turner v. Woods, 559 F.Supp. 603 (N.D.Cal.1982). We affirmed the district court's order. Turner v. Prod, 707 F.2d 1109 (9th Cir.1983).
 
 
 5
 The injunction was stayed by Justice Rehnquist, acting as Circuit Justice for the Ninth Circuit. Heckler v. Turner, 468 U.S. 1305, 105 S.Ct. 2, 82 L.Ed.2d 891 (1984) (in chambers). The Supreme Court, in a unanimous decision, reversed this court's judgment. Heckler v. Turner, 470 U.S. 184, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985).
 
 
 6
 The Secretary thereafter issued Action Transmittal No. SSA-AT-85-10 on April 30, 1985. The Action Transmittal ordered states participating in the AFDC program, including California, to recover overpayments made to AFDC recipients where mandatory payroll deductions had been disregarded in calculating benefits and eligibility. The appellees had their AFDC benefits calculated without treating mandatory payroll deductions as income during the period between July 29, 1982, when the permanent injunction was implemented, and August 10, 1984, when the stay was issued by Justice Rehnquist.
 
 
 7
 The State then initiated measures for recoupment of the AFDC monies paid during this period under 42 U.S.C. Sec. 602(a)(22). Section 602(a)(22) provides in pertinent part:
 
 
 8
 A State plan for aid and services to needy families with children must--
 
 
 9
 ....
 
 
 10
 (22) provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan, and, in the case of--
 
 
 11
 (A) an overpayment to an individual who is a current recipient of such aid (including a current recipient whose overpayment occurred during a prior period of eligibility), recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member, except that such recovery shall not result in the reduction of aid payable for any month, such that the aid, when added to such family's liquid resources and to its income (without application of paragraph (8)), is less than 90 percent of the amount payable under the State plan to a family of the same composition with no other income (and, in the case of an individual to whom no payment is made for a month solely by reason of recovery of an overpayment, such individual shall be deemed to be a recipient of aid for such month);
 
 
 12
 (B) an overpayment to any individual who is no longer receiving aid under the plan, recovery shall be made by appropriate action under State law against the income or resources of the individual or the family; ....
 
 B. Nos. 86-2321, 86-1490
 
 13
 Appellees thereafter filed a supplemental complaint in federal court to prohibit any recoupment by the State of AFDC benefits as "overpayments" paid pursuant to the court's injunction. Appellees argued that monies paid to AFDC recipients pursuant to a court order were not "overpayments" within the meaning of section 602(a)(22). The State asserted that under section 602(a)(22) and the common law, overpayments made under a subsequently overturned court order could be recovered. The State filed a third party complaint against the Secretary claiming that if the State was enjoined from recovering overpayments, the Secretary should be prohibited from imposing sanctions for failure to comply with the recoupment provisions of section 602(a)(22).
 
 
 14
 The parties filed cross-motions for summary judgment. On June 18, 1986, the district court granted the appellees' motion for summary judgment and request for an injunction. The State was enjoined from recouping funds that were paid to AFDC recipients in California from July 29, 1982, the date the district court issued its permanent injunction, until August 10, 1984, the date Justice Rehnquist granted the Secretary's request for a stay of the district court's injunction.
 
 
 15
 The district court examined the legislative history of section 602(a)(22) and concluded that recoupment of overpayments was designed solely to correct overpayments resulting "from recipient or agency error." The court reasoned that "[n]othing in this legislative history suggests Congress intended to require states to recover funds paid pursuant to a court-ordered injunction." Thus, "[i]n the absence of any error or lack of diligence by either plaintiffs or the state, the OBRA amendments do not require--or empower--the state to recover the funds paid under the injunction." The court also rejected the State's argument that it had a common law right to recoupment.
 
 
 16
 The district court enjoined the State from recouping AFDC overpayments and the Secretary from taking any action declaring the State to be in violation of federal law.
 
 C. No. 87-1519
 
 17
 No. 87-1519 is a related appeal challenging the award of attorney's fees to appellees under 42 U.S.C. Sec. 1988 as prevailing parties on the recoupment issue. This appeal was consolidated with the appeals nos. 86-2321 and 86-2490.
 
 
 18
 Appellees sought $35,252 in attorney's fees against the State. The State contended the appellees were not entitled to fees, and alternatively, the fees they claimed were excessive. The court determined that the hourly rate and the number of hours claimed were reasonable for work performed on the merits. The district court reduced the number of hours in its award for time spent on the fee issue. The district court awarded appellees' counsel San Francisco Lawyers' Committee for Urban Affairs $18,161 and counsel Western Center on Law and Poverty $14,990, totalling $33,781.
 
 DISCUSSION
 APPEALS NOS. 86-2321, 86-2490
 I. RECOUPMENT OF AFDC FUNDS
 
 19
 Appellants contend that 42 U.S.C. Sec. 602(a)(22) clearly and unambiguously requires the State to recover overpayments made to AFDC recipients. Alternatively, the Secretary contends that he is entitled to a common law right to recoupment of the AFDC overpayments.
 
 A. Standard of Review
 
 20
 A district court's grant of summary judgment is reviewed de novo. Cuyamaca Meats, Inc. v. San Diego & Imperial Counties Butchers' & Food Employers' Pension Trust Fund, 827 F.2d 491, 495 (9th Cir. Sept. 3, 1987). In this case, the parties agree that there are no genuine issues of fact in dispute. Therefore, "this Court need only decide whether the substantive law was properly applied." Id. The district court's construction of a statute is subject to de novo review. Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 824 F.2d 710, 717 (9th Cir.1987).
 
 
 21
 B. The Plain Meaning of 42 U.S.C. Sec. 602(a)(22)
 
 
 22
 A court's objective when interpreting a federal statute " 'is to ascertain the intent of Congress and to give effect to legislative will.' " Foxgord v. Hischemoeller, 820 F.2d 1030, 1032 (9th Cir.1987) (quoting United States v. Taylor, 802 F.2d 1108, 1113 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1309, 94 L.Ed.2d 164 (1987)). " 'The most persuasive evidence of ... [congressional] intent is the words selected by Congress.' " Foxgord, 820 F.2d at 1032 (quoting Director, Office of Workers' Compensation Programs v. Forsyth Energy, Inc., 666 F.2d 1104, 1107 (7th Cir.1981)). "We begin with the statute's language, and '[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " Foxgord, 820 F.2d at 1032 (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)) (citations omitted).
 
 
 23
 The determinative statute is 42 U.S.C. Sec. 602(a)(22). The relevant language provides that "the State agency will promptly take all necessary steps to correct any overpayment ... of aid under the State plan...." 42 U.S.C. Sec. 602(a)(22) (emphasis added). The Secretary's regulation broadly defines overpayment as follows: "Overpayment means a financial assistance payment received by or for an assistance unit for the payment month which exceeds the amount for which that unit was eligible." 45 C.F.R. Sec. 233.20(a)(13)(i) (1986).
 
 
 24
 The district court did not expressly analyze the statute's plain meaning, but simply examined the statute's legislative history. The appellees summarily dismiss Congress' language as not clear on its face, and proceed to a discussion of the legislative history. Appellees have failed to meet their burden of pointing to any express language in the legislative history which would preclude the State from filing an action for recoupment or imposing a setoff where overpayment has been compelled by an erroneous court order. Foxgord, 820 F.2d at 1032.
 
 
 25
 The plain language of section 602(a)(22) mandating recovery of "any overpayment" does not distinguish between classes of overpayments that may be recouped. See Tambe v. Bowen, 662 F.Supp. 939, 941 (W.D.N.Y.1987) ("the language of the statute [Sec. 602(a)(22) ] is clear in providing that 'all' necessary steps shall be taken to correct 'any' overpayment.... This broad language is not tempered or constricted by any limitation whatsoever"). Instead, use of the adjective "any" indicates that Congress intended that overpayments must be recouped without restriction. A literal reading of the statutory language is supported by the Secretary's construction of the statute he is required to enforce. As set forth above, 45 C.F.R. Sec. 233.20(a)(13)(i) broadly defines an overpayment as money received which exceeds the amount the individual was entitled to receive. The regulation imposes no restriction on the right of a state to recoup any overpayment. The Secretary's interpretation of a statute is entitled to great deference. Department of Health, State of Cal. v. Secretary of Health & Human Servs., 823 F.2d 323, 326 (9th Cir.1987); Miller v. Bowen, 789 F.2d 678, 681 (9th Cir.1986) (we give "great deference" to the Secretary's interpretation of a statute in issuing regulations).
 
 
 26
 The record shows that the State made AFDC payments to appellees during the period of the permanent injunction which exceeded the amount the appellees were entitled to receive under the AFDC program. The statute does not distinguish overpayments made as the result of a court order. Appellees have not demonstrated that Congress intended to exclude recoupment of court ordered overpayments. We have examined the legislative history for the sole purpose of determining whether, notwithstanding the plain language of the statute, there is a clearly expressed intention to exclude recoupment of overpayments made pursuant to a court order. There is none. The district court erred in concluding that the State could not recoup AFDC payments.
 
 II. CONSTITUTIONALITY OF THE STATUTE
 
 27
 Appellees also assert that if we conclude that Congress intended to permit a State to recover AFDC benefits erroneously paid pursuant to a court order, the statute would be unconstitutional as applied. Appellees claim that such an interpretation would permit a state administrative welfare agency to divest a court of its equitable powers to determine whether restitution should be ordered.
 
 
 28
 A. Failure to Raise Issue in the District Court
 
 
 29
 As a preliminary matter, we consider the Secretary's contention that appellees' failure to challenge section 602(a)(22) on constitutional grounds in the district court precludes them from raising the issue here. We disagree.
 
 
 30
 Generally, we will not consider an argument on appeal if it was not raised below. Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984). We recognize an exception to this rule, however, where the issue on appeal is purely one of law that is both central to the case and important to the public. Id. Here, our consideration of the issue will not require the parties to develop new facts; this issue involves a pure question of law. Moreover, the constitutionality of section 602(a)(22) to recover AFDC monies paid to recipients presents a significant question of general impact. Under these circumstances we will exercise our discretion to consider the issue notwithstanding appellees' failure to raise it in the district court.
 
 B. Availability of Judicial Review
 
 31
 The primary reason appellees contend section 602(a)(22) is unconstitutional as applied is because "[a]t no time would the state welfare agency have to pose the issue of restitution to a court." This claim is without merit.
 
 
 32
 In California, "[c]urrent and future [AFDC] grants ... may be reduced [by the county] because of prior overpayments...." Cal.Welf. & Inst.Code Sec. 11004(c) (West Supp.1987). Prior to effectuating any reduction of current grants to recover past overpayments, "the recipient shall be advised of the proposed reduction and of his or her entitlement to a hearing...." Id. at Sec. 11004(e). If the agency determines after a hearing that an overpayment has occurred, the county shall seek full amount of the overpayment including the amount paid while the hearing process was pending which "shall be permitted concurrently with any suit for restitution...." Id. at Sec. 11004(f).
 
 
 33
 Where an overpayment has been made to an individual who is no longer receiving public social services, "recovery shall be made by appropriate action under state law against the income or resources of the individual...." Id. at Sec. 11004(i).
 
 
 34
 If the individual is dissatisfied with any action of the county department, in attempting to recoup overpayments, he may request and obtain an administrative hearing with the Department of Social Services. Id. at Sec. 10950 (West Supp.1987). If the recipient is not satisfied with the final decision after the administrative hearing, he may file a petition for a writ of mandate seeking court review of the administrative decision under Cal.Code Civ.Proc. Sec. 1094.5, "praying for a review of the entire proceedings in the matter, upon questions of law involved in the case." Cal.Welf. & Inst.Code Sec. 10962 (West 1980).
 
 
 35
 California has a statutory scheme which permits current AFDC recipients to obtain an administrative hearing and judicial review of a determination made concerning overpayments. Similarly, a former AFDC recipient is provided judicial review when the county initiates an action to collect the overpayments. Appellees' argument that section 602(a)(22) is unconstitutional as applied is without merit.
 
 
 36
 Appellees also contend that a strict interpretation of the plain language of the statute would permit Congress by implication to curtail a district court's equitable jurisdiction to fashion final relief after appellate reversal of a permanent injunction in violation of Article III of the United States Constitution. Appellees have failed to cite any authority to support this novel proposition. This argument is unpersuasive.
 
 
 37
 Congress has not limited a district court's equitable jurisdiction in permitting recovery of any overpayments under section 602(a)(22). Instead, it expressly expanded the remedies available to recover an overpayment of AFDC funds. As a result of the language used by Congress, a state may seek recovery of an overpayment under its common law right of restitution, see Arkadelphia Milling Co. v. St. Louis Southwestern Ry. Co., 249 U.S. 134, 145, 39 S.Ct. 237, 242, 63 L.Ed. 517 (1919) ("a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby"), or by filing an action under state law pursuant to section 602(a)(22). Congress has the power under Article III of the United States Constitution to fashion new remedies, see, e.g., Declaratory Judgment Act, 28 U.S.C. Secs. 2201, 2202, or to limit the applicability of the traditional equitable remedies available in the district court, see, e.g., Anti-Injunction Act, 29 U.S.C. Secs. 101-115. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (Congress may create and improve, as well as abolish or restrict, remedies available in federal court).
 
 APPEAL NO. 87-1519
 ATTORNEY'S FEES UNDER 42 U.S.C. Sec. 1988
 
 38
 The district court awarded attorney's fees to appellees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. Sec. 1988. Section 1988 authorizes an award to a "prevailing party" in an action filed pursuant to under 42 U.S.C. Sec. 1983. We have concluded that the judgment on the merits must be reversed. Appellees are no longer a "prevailing party." Accordingly, the award of attorney's fees must be vacated. Ladnier v. Murray, 769 F.2d 195, 200 (4th Cir.1985); Harris v. Pirch, 677 F.2d 681, 689 (8th Cir.1982).
 
 CONCLUSION
 
 39
 The district court's judgments in appeals nos. 86-2321 and 86-2490 is REVERSED. The judgment in 87-1519 is VACATED.