901 F.2d 1130
 284 U.S.App.D.C. 78
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
QUALITY BRANDS, INC.,
v.
Marion S. BARRY, Jr., Mayor, et al., Appellants.
 No. 89-7177.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1990.
 
 1
 Before SILBERMAN, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 3
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 5
 We have elected to dispose of this appeal by unpublished order primarily because the most substantial argument put forward by the appellants--an argument which, if we accepted it, would allow us to avoid reaching any constitutional issues--was not properly raised before the district court. Under those circumstances, we think it unnecessary to discuss the several rather important and difficult questions of constitutional law involved. Instead, we affirm substantially for the reasons articulated in the opinion of the district court. See Quality Brands, Inc. v. Barry, 715 F.Supp. 1138 (D.D.C.1989).
 
 
 6
 Before this court, the appellants urge that the District of Columbia's Wholesale Liquor Industry Storage Act of 1986 was really only an enforcement of the congressionally enacted District of Columbia Alcoholic Beverage Control Act of 1934. That is, within-the-District storage for all District licensed wholesalers was mandated by Congress' 1934 Act (and the 1935 amendments thereto) which is, of course, not subject to scrutiny under the Commerce Clause. Under that view, the exemption granted to the appellee by the District of Columbia Alcoholic Beverage Control Board (the "Board"), allowing appellee to store alcoholic beverages in Maryland, was ultra vires of the Board's authority.
 
 
 7
 This is a substantial argument, but it was not properly raised in the district court. Contending that they did raise the argument below, appellants point us to a rather ambivalent statement from the District's answers to interrogatories to the effect that the 1986 D.C. Council Act either clarified the congressionally mandated scheme or it eliminated the Board's legitimate authority to allow extra-District storage by licensed wholesalers. In addition, the District mentioned in a post-hearing pleading that the in-District storage scheme was sanctioned by Congress in 1934. But the District had previously argued in its motion to dismiss that "the extent ... to which the ABC Board could [under the 1934 Act] ... permit off-premises wholesale storage of alcoholic beverages not only in the District but also outside the District is uncertain." We do not think that these statements were nearly sufficient to present the issue to the district court, especially since the district judge expressly stated that he thought the argument was a strong one but that it was not being pressed by the District. In those circumstances, we decline to decide the case on a ground that the appellants did not press before the district judge and thus was not even mentioned in the district court opinion.
 
 
 8
 In the alternative, appellants urge us to address the issue even though it was not raised below. While we recognize that courts in other circuits have done that on occasion, see, e.g., Turner v. McMahon, 830 F.2d 1003, 1008 (9th Cir.1987), cert. denied, 109 S.Ct. 59 (1988), we generally disapprove of that practice and will do so only "in exceptional circumstances, where injustice might otherwise result." District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1085 (D.C.Cir.1984). Not only are there no exceptional circumstances in this case which would justify such an extraordinary step, it is unclear to us that the appellants will be adversely affected by our ruling since the District was unable to explain why the Board could not simply revoke the exemption previously granted to the appellee, thereby requiring Quality Brands to store its beverages within the District.[1] When there may be so little at stake, it would be manifestly inappropriate for this court to reach an argument not presented below.
 
 
 
 [1]
 We do not mean to suggest that such a revocation could not be challenged on Commerce Clause grounds