**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EASTWOOD INSURANCE SERVICES, INC., a California Corporation; EASTWOOD INSURANCE AGENCY OF TEXAS, INC., a Texas Corporation; EASTWOOD INSURANCE AGENCY OF NEVADA, INC., a Nevada Corporation; EASTWOOD INSURANCE AGENCY OF FLORIDA, INC., a Florida Corporation; EASTWOOD AUTO INSURANCE AGENCY OF ARIZONA, INC., an Arizona Corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TITAN AUTO INSURANCE OF NEW MEXICO, INC., a New Mexico Corporation; THI HOLDINGS, INC., a Delaware Corporation, Erroneously Sued As Thi Holdings (Delaware) Inc; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Company, <br><br> Defendants - Appellees. | No. 10-56314 <br><br> D.C. No. 8:08-cv-00788-CJC-AN <br><br> MEMORANDUM[*] |

_____

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| EASTWOOD INSURANCE SERVICES, INC., a California Corporation; EASTWOOD INSURANCE AGENCY OF TEXAS, INC., a Texas Corporation; EASTWOOD INSURANCE AGENCY OF NEVADA, INC., a Nevada Corporation; EASTWOOD INSURANCE AGENCY OF FLORIDA, INC., a Florida Corporation; EASTWOOD AUTO INSURANCE AGENCY OF ARIZONA, INC., an Arizona Corporation, | No. 10-56851 D.C. No. 8:08-cv-00788-CJC-AN |
| Plaintiffs - Appellants, | |
| v. | |
| TITAN AUTO INSURANCE OF NEW MEXICO, INC., a New Mexico Corporation; THI HOLDINGS, INC., a Delaware Corporation, Erroneously Sued As Thi Holdings (Delaware) Inc; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Company, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 9, 2012
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

I

Eastwood Insurance Services, Inc. first appeals the district court's order granting summary judgment in favor of Titan Auto Insurance of New Mexico, Inc. on Eastwood's fraud claims. The district court granted summary judgment after finding Eastwood's evidence of Titan's alleged misrepresentations inadmissible under California's parol evidence rule, which bars extrinsic evidence of a promise "directly at variance with the promise of the writing." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Pendergrass*, 48 P.2d 659, 661 (Cal. 1935). Titan's alleged statements were unconditional promises that directly varied the qualified language of the agreement. *See Cont'l Airlines, Inc. v. McDonnell Douglas Corp.*, 264 Cal. Rptr. 779, 794–96 (Ct. App. 1989). The district court's grant of summary judgment in favor of Titan on Eastwood's fraud claims was proper.

II

Eastwood next challenges the district court's order granting summary judgment in favor of Titan on Eastwood's breach of contract and breach of the implied covenant of good faith and fair dealing claims. The parties' agreement contained an earnout clause requiring Titan to use "commercially reasonable efforts" to maximize the performance of Eastwood's assets; Eastwood contends

that Titan breached the contract and acted in bad faith by acting to increase profitability at the expense of this contractual obligation.

Commercial reasonableness "primarily involve[s] questions of fact, based on all the circumstances." *Gifford v. J & A Holdings*, 63 Cal. Rptr. 2d 253, 259 (Ct. App. 1997). The district court granted summary judgment in favor of Titan after concluding that it would be "a commercial absurdity" to require Titan to maximize the performance of Eastwood's assets at the expense of its own profitability. But while "economic feasability and profitability . . . may be *one* circumstance of commercial reasonableness, other factors, particularly those in the . . . industry, will be relevant to the determination." *Sempra Energy Res. v. Cal. Dep't of Water Res.*, No. D043397, 2005 WL 1459950, at *9 n.12 (Cal. Ct. App. June 21, 2005) (emphasis added). Whether Titan's efforts were commercially reasonable under the circumstances is a factual determination requiring consideration not only of Titan's profitability but also of the standards and customs of the industry, context, and intent, and it should not have been resolved on a motion for summary judgment. The district court erred in concluding there were no genuine issues of material fact for trial.

III

Last, we vacate the award of attorneys' fees to Titan. Under the parties' agreement, attorneys' fees are awarded only to a prevailing party. Awarding attorneys' fees should thus be deferred until there has been a final determination on the merits. *Cf. Turner v. McMahon*, 830 F.2d 1003, 1009 (9th Cir. 1987).

AFFIRMED in part, REVERSED in part, VACATED, and REMANDED for proceedings consistent with this disposition.

Each party shall bear its own costs of appeal.